## Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company *v.* Davis, Administrator.

[No. 12,038. Filed January 26, 1926.]

From the Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Action by Walter A. Davis as administrator of the estate of Pearl B. Davis against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Pickens, Moores, Davidson & Pickens,* for appellant.
*Curtis G. Shake, Joseph W. Kimmell* and *Miller & Blair,* for appellee.

McMahan, J.—This is an action by appellee, as administrator, to recover for the death of Pearl B. Davis, who was killed by reason of an automobile in which she was riding being struck by one of appellant's trains, and is a companion case to *Pittsburgh, etc., R. Co.* v. *Bunting* (1926), *ante* 45, in which the driver of the automobile recovered judgment against appellant for injuries received by her. The circumstances surrounding the collision are fully stated in the Bunting case and need not be repeated here.

Appellant, in the instant case, contends there can be no recovery under the first paragraph of complaint which alleges negligence on the part of appellant because, as it says, the evidence shows without contradiction that the death of Mrs. Davis was caused by her own negligence, and that there can be no recovery on the second paragraph which is founded on the doctrine of last clear chance, because, as claimed, the evidence

conclusively shows appellant's servants in charge of the train never had a last clear chance. Neither of these contentions can prevail. The evidence in our judgment is ample to sustain a verdict under either paragraph of complaint. For a statement of the facts, see the opinion in the Bunting case.

Objection is made to instruction No. 2, given by the court on its own motion. This instruction relates to the rule of last clear chance and is a correct statement of the law on that subject. The only objection to the instruction is that the evidence did not justify the submission of that issue to the jury, but, as already indicated, we think otherwise.

Judgment affirmed.